Missouri, Kansas & Texas Railway Company of Texas v. J. W. Craig.

Decided December 12, 1908.

**1.—Personal Injuries—Expenses—Evidence—Charge.**

In a suit for damages for personal injuries, a charge upon the question for expenses for medical services considered, and held not subject to the objection that it permitted a recovery for such expenses although there was no evidence that they were reasonable.

**2.—Same—Invalid Release—Evidence.**

In a suit for personal injuries, evidence considered, and held sufficient to support a finding by the jury that a release given by the plaintiff was not binding because of the physical and mental condition of the plaintiff at the time it was executed.

Appeal from the District Court of Grayson County. Tried below before Hon. J. M. Pearson.

*Coke, Miller & Coke, Head, Dillard, Smith & Head* and *J. C. Wall,* for appellant.

*L. Frank Ottofy* and *J. A. Templeton,* for appellee.

RAINEY, Chief Justice.—This is a suit by appellee against appellant to recover damages for personal injuries claimed to have been received while a passenger on one of appellant's passenger trains, occasioned by the negligence of appellant's servants in allowing the train on which he was a passenger to collide with an engine in its yard at Denison.

Appellant answered by general denial, and specially pleaded a written release by appellee for a valuable consideration, discharging appellant from any liability therefor.

Appellee filed a supplemental petition, denying the settlement and release, and that if such was executed he was induced by the fraudulent representations of appellant's agents, at a time when he was dazed and in a semi-conscious condition, and was suffering greatly in mind and body, was not mentally competent, and did not know the extent of his injuries; also that the release was without consideration, and tendered into court the check given in such settlement.

Appellant filed a supplemental answer, denying any fraud, misrepresentation and concealment, and pleaded acquiescence in, ratification of and failure to repudiate the settlement after full knowledge.

A trial resulted in a verdict and judgment for appellee and the railway company appeals.

Only three assignments of error are presented. The first complains of the seventh paragraph of the court's charge, as follows: "If under the foregoing instructions you find for the plaintiff you will assess his damages at such sum as you may believe from the evidence will, as a present cash payment, reasonably and fairly compensate him for the mental and physical pain, if any, he has suffered as a result of his injuries, if any, and for the mental and physical pain, if any, which you may believe from the evidence it is reasonably probable he will suffer in the future as a result of such injuries, if any; and for his diminished capacity to labor and earn money in the future on account of his injuries, if any; also for any expenses which he may have incurred, for medical services, if any, on account of his injuries, if any, and provided you believe such expenses were necessary and reasonable."

The proposition being, "The testimony showing that appellee was attended or examined by Doctors Brady, Parsons, Burleigh, Furney, Sledge and Ellis, and failing to show the reasonable value of the services rendered by Doctors Furney, Sledge and Ellis, it was erroneous for the court to permit the jury to return a verdict for all expenses for medical services incurred by appellee."

The testimony shows the amounts charged and the reasonableness for the services rendered by all of said physicians, except Doctors Sledge and Ellis; as to these two there was no evidence as to the amounts or reasonableness of their services. The court in its charge limited a recovery to such sum as the jury believed from the evidence would be a fair compensation. The charge did not authorize a consideration by the jury of any damages not proven by the evidence. There being none proven by the evidence, we can not presume that the jury did so in the absence of something in the record showing that they might have done so. Besides, a special charge

was asked by appellant and given by the court, to the effect that no money could be had for medical services "unless the said expenses are reasonable and necessary," and that no recovery could be had for such services when rendered merely for the purpose of giving testimony in the case. This special charge, if there was any error in the main charge on this point, eliminates any ground for resting a suspicion that the jury included in their verdict any damages for medical services, except such as the evidence showed to be necessary and reasonable. We therefore hold that the assignment is not well taken.

The second assignment complains of the court's refusal to give a peremptory instruction to find a verdict for defendant. The first proposition is: "The great preponderance of the evidence shows that appellee freely, voluntarily and understandingly made a full and complete settlement with appellant for the injuries sued for herein, and executed a release forever discharging appellant from any further liability therefor."

The evidence shows that appellee was a passenger on one of appellant's trains, his destination being St. Louis; when near Denison it collided with an engine of appellant; one of the cars of the train on which appellee was riding was derailed, and, according to his testimony, he was thrown out of his seat across the aisle of the car with such force as to break one of his fingers, injure his back, his head and neck. He was taken immediately to an office near the depot in Denison, where he sat down on a box. He signed the release and a check for $5 was shoved into his vest pocket and he was then escorted to his train, which was in waiting. He testifies that he was dazed from the shock he received and did not remember having signed the release. The check was never presented for payment and was tendered to the appellant on the trial. Failure of consideration for the release was pleaded. The court charged the jury in relation to the release and no complaint is made thereof. We think the jury were warranted in finding a verdict for appellee on this issue.

The second proposition is: "The great preponderance of the evidence shows that appellee's sickness in St. Louis and the ills, if any, from which he is suffering now, result from old age and the exposure, hardships, and privations he underwent on his trip to St. Louis, and not from injury."

The evidence on this proposition was conflicting. There is evidence which supports appellant's theory and a verdict in its favor would have been sustained. There is sufficient evidence, however, we think, to sustain the verdict of the jury, and said assignment is overruled.

The remaining assignment of error is that the verdict and judgment are excessive. The evidence on this point is also conflicting. The jury believed the appellee's evidence, which is sufficient to support the verdict, and this assignment is not sustained. The judgment is affirmed.

*Affirmed.*

Writ of error refused.